IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DAVID C. JURICIC,<br><br>Plaintiff,<br><br>vs.<br><br>MARK L. SHURTLEFF, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>Case No. 2:10-CV-662 TS |

This matter is before the Court on Defendants Mark Shurtleff, Fred Voros, Gregory Orme, and James Davis's (collectively "Defendants") Motion to Dismiss.[1] In response to the Motion, Plaintiff David Juricic ("Plaintiff") filed a Motion to Deny Defendants' Motion to Dismiss. As Mr. Juricic is proceeding pro se in this matter, the Court will consider his motion as if it were a memorandum in opposition. However, for clerical reasons the Court will need to rule on his Motion. As discussed below, the Court grants Defendants' Motion to Dismiss and denies Plaintiff's Motion.

---

[1]Docket No. 5.

1

I.  BACKGROUND

Plaintiff was involved in a dispute with his employer, Autozone, Inc., which ultimately resulted in litigation in the Third District Court of Utah. The trial court granted summary judgment in favor of Autozone, and Juricic appealed. In a published opinion issued on April 28, 2010, the Court of Appeals upheld the trial court's decision. In his Complaint, Plaintiff lists the three judges on the panel who issued the decision and the Utah Attorney General as Defendants. In his Memorandum in Opposition he claims that he is only suing the "Third District Court and the Office of Attorney General."[2] Neither Plaintiff's Complaint nor his Memorandum in Opposition provide facts relevant to his claims.

Plaintiff claims Defendants violated his First and Eighth Amendment rights, as incorporated and applied against the states by the Fourteenth Amendment, as well as his rights protected by Article 1, Section 1 of the Utah Constitution. In support of his First Amendment claim, Plaintiff alleges that his right to redress grievances was denied because state law limits the amount he may sue for in any court and because he had not been permitted to offer oral argument in the courts because the courts have always ruled on the briefs. Plaintiff alleges his Eighth Amendment rights were violated because in order to appeal the Utah Court of Appeals decision he had to appeal to the Utah Supreme Court rather than this Court, and this requirement imposed excessive costs on him. In support of his Article 1, Section 1 claim, Plaintiff alleges that the Governmental Immunity Act violates his right to petition for redress of grievances.

---

[2]Docket No. 7, at 3.

In his Complaint, Plaintiff seeks the following relief: (1) monetary damages of $2,000.00, (2) reversal of the Utah Third District Court's decision in his prior case, (3) a declaration that individuals may not be ordered to submit to laws and court rulings they consider to be unconstitutional, and (4) the Court declare the Utah State Government Immunity Act unconstitutional and void. In his Memorandum in Opposition Plaintiff seeks to have the Court (1) deny Defendants' Motion to Dismiss, (2) not dismiss this case with prejudice, and (3) "reassign" a case, presumably his prior case, to the Utah Third District Court.

II. DISCUSSION

As a preliminary matter, the Court notes that while Plaintiff bases his arguments on his belief that *Marbury v. Madison*[3] was incorrectly decided and that all of the decisions that rely on it are unconstitutional, this Court must adhere to prior decisions of the United States Supreme Court and the Tenth Circuit Court of Appeals.

It appears that the crux of Plaintiff's grievances is that in order to challenge the decision of the Utah Court of Appeals he must appeal to the Utah Supreme Court. Rather than do so, he has filed this action in the Federal District Court. However, under the *Rooker-Feldman*[4] doctrine, this Court cannot review state court decisions. The *Rooker-Feldman* doctrine "prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced."[5]

---

[3]5 U.S. 137 (1803).

[4]*Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[5]*Lance v. Dennis*, 546 U.S. 459, 460 (2006) (per curiam) (internal quotations omitted).

Thus, this matter must be dismissed because the Court lacks subject matter jurisdiction over Plaintiff's Complaint.

Alternatively, Plaintiff has failed to provide any statutory or case law to support his claims or rebut any of the arguments made by Defendants in their Memorandum in Opposition. Plaintiff is required to do so under the standards described by the United States Supreme Court.[6] Plaintiff's primary legal arguments are that requiring him to appeal to the state supreme court violates his Eighth Amendment rights because the costs are excessive and that his First Amendment rights have been violated by not holding oral argument. He has provided no legal support for these claims, and the claims are thus merely arguing "conclusions of law which cannot defeat a motion to dismiss."[7] Consequently, his claims must be dismissed.

### III. CONCLUSION

Based on the reasoning above, it is

ORDERED that Defendants' Motion to Dismiss (Docket No. 5) is GRANTED. It is further

ORDERED that Plaintiff's Motion to Deny Defendants' Motion (Docket No. 7) and

---

[6] *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

[7] *Olowosoyo v. City of Rochester, N.Y.*, 2009 WL 1650419, at *3 (W.D.N.Y. 2009) (citing *Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126 (2d Cir. 2007)); *see also Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Plaintiff's Motion in Response to Defendants' Opposition Memorandum (Docket No. 9) are DENIED. The Clerk of the Court is directed to close this case.

DATED   November 12, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge